UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNTRUST BANK,

    Plaintiff,

v.                                    CASE NO. 8:10-CV-2619-T-17TBM

DWIGHT R. GILL, et al.,

    Defendants.
_____/

ORDER

This cause is before the Court on:

Dkt. 9  Motion to Dismiss
Dkt. 11 Response

In the Complaint, Plaintiff Suntrust Bank seeks a joint and several judgment against Defendants Dwight R. Gill and Marianne S. Gill for the unpaid balance of a negotiable instrument in the principal amount of $150,000, plus interest, attorney's fees and costs. The basis of jurisdiction is diversity. Plaintiff Suntrust Bank alleges that Defendants failed to make scheduled installment payments, and Plaintiff accelerated payment of the balance. A copy of the Agreement between the parties is attached to the Complaint (Dkt. 1, Exh. 1-2, "Access 3 Equity Line Account Agreement and Disclosure Statement).

Defendants, proceeding pro se, moved to dismiss based on the Arbitration Clause in the Agreement (Exh. 1-2, p. 5)(Dkt. 9). Defendants demanded that Plaintiff comply with its contract terms and have its claim arbitrated. Defendants request that the Court dismiss Plaintiff's Complaint with prejudice.

Case No. 8:10-CV-2619-T-17TBM

Although Defendants' Motion included a certificate of service stating that the Motion to Dismiss was provided to Plaintiff's counsel, Plaintiff Suntrust Bank did not file a response within the time allowed by the Federal Rules of Civil Procedure. The Court entered an Order to Show Cause (Dkt. 10).

Plaintiff Suntrust Bank responded that Defendants' Motion should be denied, because Defendants did not confer with Plaintiff as required by Local Rule 3.01(g), and previously litigated without making a demand for arbitration. Plaintiff Suntrust requested that the Court take judicial notice of the docket of the state court case previously filed by Plaintiff (Dkt. 11-1)( 2009-CA-000614, Manatee County Circuit Court). Plaintiff Suntrust argues that in the event that the demand for arbitration is upheld, the Court should stay this case rather than dismiss it, pending resolution of the arbitration, and that the Court appoint an arbitrator, as Defendants have not availed themselves as to selection of an arbitrator.

The Court notifies Defendants that Defendants are subject to the Local Rules of the Middle District of Florida, which can be found on the Court's website, as well as the Federal Rules of Civil Procedure. Any future motion subject to Local Rule 3.01 which does not include a certification that complies with Local Rule 3.01 will automatically be denied without prejudice.

The Agreement provides that this case is governed by the Federal Arbitration Act, 9 U.S.C. Sec. 1, et seq. (Dkt. 1-2. P. 6). The Agreement includes a broad arbitration clause which provides that:

Case No. 8:10-CV-2619-T-17TBM

"Claim" means any claim, dispute or controversy between you and us, other than an Excluded Claim or Proceeding, arising from or relating in any way to the Credit. The term "Claim" is to be given the broadest possible meaning and includes claims of every kind and nature. "Claims" can seek relief of any type. A party does not waive the right to require arbitration of a new Claim by bringing a Claim in a lawsuit or failing to require arbitration of another Claim. Notwithstanding the broad definition of "Claim" set forth above, a "Claim" shall not include any self-help or non-judicial remedy, including but not limited to acceleration of the Credit, non-judicial foreclosure, self-help repossession and/or set-off; and shall not include any individual judicial action by a party that is limited to preventing the other party from using a self-help or non-judicial relief and that does not involve a request for damages or monetary relief of any kind.

"Excluded Claim or Proceeding" means any of the following claims or proceedings, which will not be subject to this Arbitration Provision: (1) any individual action brought by you in small claims court or your state's equivalent court, unless such action is transferred, removed, or appealed to a different court; (2) any action to effect a judicial or quasi-judicial foreclosure; (3) any eviction or other summary proceeding to secure possession of real property securing a Credit; (4) any action to assert, collect, protect, realize upon or obtain possession of the collateral for a Credit in any bankruptcy proceeding; (5) any action to quiet title; (6) any action to the extent that it seeks provisional or ancillary remedies in connection with any of the foregoing; and (7) any individual action to prohibit any of the foregoing so long as it does not involve a request for damages or monetary relief of any kind.

Case No. 8:10-CV-2619-T-17TBM

Plaintiff Suntrust Bank is seeking a joint and several <u>in personam</u> judgment against Defendants. The Court finds that Plaintiff's claim is not an "excluded claim" under the Agreement.

While federal policy strongly favors arbitration, "[a]rbitration should not be compelled when the party who seeks to compel arbitration has waived that right." <u>Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n</u>, 62 F.3d 1356, 1365 (11th Cir. 1995); see <u>S & H Contractors, Inc. v. A.J. Taft Coal Co.</u>, 906 F.2d 1507, 1514 (11th Cir. 1990). The Court first determines whether the party has "acted inconsistently" with the right to arbitration, considering the totality of the circumstances, and then, whether by doing so, the party has "in some way prejudiced" the other party. <u>Ivax Corp. v. B. Braun of Am., Inc.</u>, 286 F.3d 1309, 1315-1316 (11th Cir. 2002). The party who argues waiver of arbitration bears a heavy burden of proof. <u>Stone v. E.F. Hutton & Co.</u>, 898 F.2d 1542, 1543 (11th Cir. 1990).

The failure to assert the right of arbitration alone does not establish a waiver of the right of arbitration. Substantial participation in litigation may constitute conduct inconsistent with an intent to arbitrate. <u>Morewitz</u>, 62 F.3d at 1366. The Court takes judicial notice of the docket provided by Plaintiff Suntrust, which indicates that the case was commenced on January 21, 2009, that Defendants were served on January 28, 2009, that Defendants filed an appearance and some motions, including a motion to dismiss filed on March 10, 2009, after which Plaintiff Suntrust filed a Notice of Voluntary Dismissal without prejudice on May 19, 2009. Thereafter, Plaintiff Suntrust Bank commenced this case on November 19, 2010. Defendants were served on November 24, 2010, and moved to compel arbitration and to dismiss

Case No. 8:10-CV-2619-T-17TBM

on December 16, 2010. The Court does not view the activity in the state court case as "substantial participation in litigation." If the filing of some motions, without response and adjudication, is properly considered "substantial participation in litigation," the participation did not prejudice Plaintiff Suntrust Bank, in light of the voluntary dismissal of the state court case on May 19, 2009, before pretrial discovery took place.

After consideration, the Court finds that Defendants Marianne S. Gill and Dwight R. Gill have not waived arbitration. The Court deems Defendants' Motion to Dismiss to be a petition to compel arbitration, which the Court grants. The Court denies the Motion to Dismiss with prejudice; the Court will administratively close this case until the conclusion of arbitration proceedings. Any party seeking to confirm the arbitration award or otherwise seeking relief shall file a motion to reopen this case. The Court directs Defendants to select an Administrator and notify Plaintiff Suntrust in writing within twenty days of the date of this Order. Accordingly, it is

**ORDERED** that Defendants' request to compel arbitration is **granted**. Defendants **shall select** an Administrator and notify Plaintiff Suntrust Bank in writing within twenty days of the date of this Order. The Motion to Dismiss with prejudice is **denied**. This case will be **administratively closed** pending completion of arbitration proceedings. The Clerk of Court shall **administratively close** this case.

5

Case No. 8:10-CV-2619-T-17TBM

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 6th day of JUNE 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record